## OHIO CASUALTY INSURANCE Co., v. BAKER, d. b. a. BAKER PARKING SERVICE, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1858.   Decided April 24, 1945.

Clifford R. Curtner, Dayton, for plaintiff-appellee.
Herman D. Arnovitz, Dayton, for defendant-appellant.

## OPINION

By GEIGER, J.

This matter had its inception in the Municipal Court of the City of Dayton.

In that Court the plaintiff stated two causes of action. The first is substantially as follows: That on October 26, 1939, Louis O. Kratzer drove a Ford car into the parking lot owned and operated by Preston L. Baker in the City of Dayton, and surrendered the same to a servant of the defendant acting within the scope of his employment, and paid a parking fee, receiving therefor a receipt; that upon the plaintiff's returning and calling for his car, the defendant refused to deliver the same, and the said car has not been returned to the plaintiff; that the car was of the reasonable value of $590.00; that at the time the car was parked, there existed between Kratzer and the plaintiff company a policy of automobile theft insurance, providing in part that in the event of the theft or disappearance of the therein described automobile, the plaintiff Insurance Company would reimburse and pay Kratzer for the loss thereof; that after defendant refused to return the automobile to him, Kratzer filed his proof of claim for $714.87 with the plaintiff Insurance Company, which amount included the value of the automobile of $590.00 and the additional allowance for thirty days' car rental, as provided in said policy, in the amount of $124.87; that on November 30, 1939, the plaintiff paid Kratzer in full settlement of his claim, the sum of $714.87 in compliance with the provisions of the policy.

As a Second Cause of Action, the plaintiff sets up the provisions of the insurance policy, and states that immediately following the disappearance of his automobile, Kratzer expended the sum of $124.87 covering thirty days'

rental of another automobile, and it is alleged that by reason of the policy and its provisions, and on account of the loss by Kratzer and the payment thereof by the plaintiff, the plaintiff became subrogated to the rights of Kratzer against the defendant for all loss occasioned by defendant's inability to return to Kratzer his car. Judgment is asked in the sum of $714.87.

The defendant, for his answer, makes certain admissions, but for want of knowledge, denies the allegations of the parking of Kratzer's automobile on his lot and the loss thereof, and also denies the insurance policy and its terms.

It is further asserted, that since the filing of the Statement of Claim, plaintiff has regained possession of the automobile. Defendant further asserted that he offered to Kratzer the use of his own automobile in lieu of the one parked by Kratzer, which offer was not accepted by Kratzer. Defendant denies that the disappearance of the automobile was due to his negligence or fault.

Plaintiff replied, denying all the allegations of the defendant's answer not admitted, and admits that subsequent to the filing of the statement of claim, said automobile was found in Detroit, Michigan, in a damaged condition; that plaintiff notified defendant of the fact and caused the automobile to be sold for the sum of $235.00.

Judgment was rendered in favor of the plaintiff in the sum of $355.00, and notice of appeal was given to the Court of Common Pleas, which court affirmed the finding of the Municipal Court, and appeal was perfected to this Court, seeking a reversal of the Court of Common Pleas.

Defendant-appellant assigns six separate specifications of error, which we may epitomize that it is asserted that the judgment of the Municipal Court and of the Common Pleas Court are contrary to law and not sustained by sufficient evidence, and that the Municipal Court erred in overruling the motion of the defendant to dismiss the plaintiff-appellee's Statement of Claim made at the conclusion of plaintiff's evidence, and at the conclusion of all the evidence; that the Municipal Court erred in rendering judgment in favor of the plaintiff-appellee, when judgment should have been rendered in favor of the defendant-appellant, and that the Common Pleas Court upheld the lower Court in this ruling by affirming the judgment of the lower Court.

Briefly, the facts are that the plaintiff-appellee is an insurance company, and that the defendant-appellant is engaged in the operation of an automobile parking lot in

Dayton, Ohio. On October 26, 1939, Louis O. Kratzer, drove his Ford Coach into the parking lot owned by the defendant and paid a parking fee, and, a few hours later, returned, surrendering his receipt, asking for his car, but neither the attendant nor the owner of the parking lot was able to deliver the car or find it or able to explain its whereabouts.

After the plaintiff's action was begun in the Municipal Court, the car was recovered in Detroit and the Ohio Casualty Insurance Company, which had paid Mr. Kratzer under his policy the sum of $590.00 for the loss of his car and in addition the sum of $124.87 for the loss of its use. Plaintiff notified the defendant of its recovery and after receiving bids, it was sold for the sum of $235.00.

We have gone over the evidence in the case and have carefully studied the authorities cited by counsel on both sides. We are of the opinion that the case of **Agricultural Insurance Co., Appellee v Constantine, 144 Oh St 275**, decided by the Supreme Court on December 20, 1944, Ohio State Bar Bulletin, December 25, 1944, so covers all debatable questions and involves facts so parallel to those at issue here, as to render further discussion of the law of no value.

We are of the opinion that said case sustains the judgment of the Court of Common Pleas and of the Municipal Court in spite of the claim of the counsel for defendant-appellant that the decision has the opposite effect. See also: **The North River Insurance Co., of New York, Appellant, v Ohmer, d. b. a. The Ohmer Garage, 17 O. O. 97**, opinion by Hornbeck, P. J.

We find no merit in the assignment of errors. Judgment of the Court of Common Pleas affirmed and cause remanded.

HORNBECK, P. J. and MILLER, J. concur.