ANNAPOLIS SERVICE STATION, Inc., a
Corporation, Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSO-
CIATION and Col. E. Stanton Palmer,
Appellees.

No. 1738.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 16, 1956.

Decided Feb. 17, 1956.

Rehearing Denied March 5, 1956.

I. William Stempil, Washington, D. C.,
with whom Ford E. Young, Jr., Washing-
ton, D. C., was on the brief, for appellant.

Richard H. Nicolaides, Washington, D.
C., for appellees.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Plaintiffs Palmer and United Services
Automobile Association as subrogee, here-
inafter referred to as Association, brought
suit to recover damages for the loss of
Palmer's automobile which had been stolen
from defendant's parking lot and later re-
covered in a damaged condition. The trial
judge, sitting without a jury, allowed re-
covery to the Association and denied re-
covery to Palmer on his claim for the loss
of personal property stored in the trunk of
the car, finding as a fact that no bailment
existed covering those articles. Defendant
has appealed, but no cross-appeal has been
filed by Palmer.

At the time of trial Palmer was stationed
abroad and testified by deposition that he
had purchased the automobile in May 1952
for $3,034.69 and that he subsequently had it
insured against theft with the Association.
He also testified that he had placed a value
of $2,250 on the automobile at the time of
theft. No dispute exists concerning the
bailment of the automobile, the fee paid by
Palmer for the privilege of leaving it with
defendant for safekeeping, or the theft of
the automobile from the parking lot on
June 2, 1953. The police were informed of
the theft and Palmer also notified the As-
sociation which on July 13, 1953, settled his
claim for $2,385, including $135 for automo-
bile rental. On that date, in accordance

with the provisions of his policy, Palmer executed a release and subrogation agreement and an authorization to the Association to have the automobile delivered to it if found. Palmer's statement with regard to the value of the automobile was substantiated by the testimony of one of the Association's insurance adjusters. The adjuster also testified that when he contacted defendant, he was referred to its attorney and informed by the latter that defendant would neither assume liability for the theft nor make any voluntary payment to the insured or to the Association. The automobile was recovered by the Baltimore Police Department on July 20, 1953, in a badly damaged condition, having been driven approximately 5,000 miles since the date of the theft and having been involved in an accident. Bids were solicited and the automobile was sold to the highest bidder on August 14, 1953, for $1,300, said amount being credited against the loss of the Association. When the automobile was recovered, defendant was not notified, nor was it informed of the ultimate disposition. The court found that defendant had been negligent and ordered judgment for the Association in the amount of $1,085.

While several errors are assigned, we need only direct our attention to defendant's main contention that the failure of the Association to notify it of the recovery and disposition of the bailed article precluded recovery as a matter of law. The Association urges, in response to this contention, that to require it to notify defendant would have compelled it to perform a useless act since defendant had summarily denied any liability. We do not agree with either view. Notice to defendant of the recovery and disposition of the automobile could be important as a protective measure with regard to the Association's satisfactorily proving damages because such proof should be free of any taint of fraud or collusion. Defendant's denial of liability should not deprive it of that protection since it was not required to admit liability, and therefore it would not have been a useless gesture for the Association to give notice to defendant so that it could have obtained its own estimate of damage.

It is the general rule that where an automobile is stolen and damaged through the negligence of the bailee, but not totally destroyed, the measure of damage is the difference between the market value immediately before the injury and the market value thereafter.[1] Here, the Association, not receiving any expression of interest as to the disposition of the automobile if recovered, attempted to mitigate its damage as much as possible by securing bids from automobile dealers, and as a result, sold the automobile to the highest bidder. Such conduct is not indicative of fraudulent or collusive practices. On the contrary, it indicates that an honest effort was made to obtain the market value of the damaged automobile.[2] While it may have been more prudent for the Association to have advised defendant of the recovery of the automobile, we cannot say that, under the circumstances present here, defendant has been prejudiced by its not having done so.

We have considered the other contentions urged by defendant and find them without merit.

Affirmed.

1. Annotation, 135 A.L.R. 1198.

2. Ohio Casualty Ins. Co. v. Baker, Ohio App., 64 N.E.2d 850.